UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
DEUTSCHE BANK NATIONAL TRUST : CASE NO. 1:07-CV-02513
COMPANY, :
:
       Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. No. 14.]
DERRICK HANNA, *et al*, :
:
       Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Before this Court is a motion for a default judgment. [Doc. 14.] The Defendants have not opposed the motion.

    For the following reasons, this Court **DENIES** the Plaintiff's motion for a default judgment and **DISMISSES** this case without prejudice.

I. Background

    On August 20, 2007, the Plaintiff, Deutsche Bank National Trust Company, filed a complaint against Defendants for foreclosure on the property located at 784 East 331st Street, Eastlake, OH 44095. [Doc. 1.] The Plaintiff claimed that this Court possessed subject matter jurisdiction over the case based on federal diversity jurisdiction. *Id.* The Plaintiff alleged that Defendants had defaulted on the note and mortgage that they executed on the property. *Id.*

    On October 17, 2007, the Court entered the default requested by and in favor of the Plaintiff. [Doc. 12.] The Plaintiff subsequently filed a motion for a default judgment. [Doc. 14.]

Case No. 1:07-CV-2513
Gwin, J.

## II. Discussion

Parties that file cases in federal court on the basis of diversity jurisdiction bear the burden of establishing that such subject matter jurisdiction exists. *Coyne v. Am. Tobacco Co.*, 183 F. 3d 488, 493 (6th Cir. 1999). As a jurisdictional prerequisite, the plaintiff must establish that he or she has standing to bring the lawsuit in federal court. *Id.* at 494; *Lewis v. Casey,* 518 U.S. 343, 349 n.1 (1996). The issue of standing must remain open to judicial review at every stage of the litigation. *Nat'l Org. for Women, Inc. v. Scheidler,* 510 U.S. 249, 255 (1994). In order to demonstrate standing, a plaintiff must prove that he has suffered an injury in fact, the injury must be "fairly traceable" to the defendant, and the requested relief must be capable of redressing the injury. *Coyne,* 183 F.3d at 494. Article III of the U.S. Constitution requires that the plaintiff demonstrate that he has personally suffered an actual injury due to the defendant's conduct. *Id.*

In this case, the Plaintiff, Deutsche Bank National Trust Company, claims that it is the holder and owner of the Note and Mortgage executed on the Defendants' property. However, upon close examination of the record, the Note and Mortgage provided by the Plaintiff show that the mortgagee at the time of the filing of the complaint was the original lender, Intervale Mortgage Corporation. [Docs. 1-3, 1-4.] Additionally, the Preliminary Judicial Report, which the Plaintiff attached as an exhibit to the complaint, does not mention the Plaintiff at all in its record of chain of title. [Doc. 1-5.]

The Court's Fifth Amended General Order No. 2006-16, governing foreclosure cases based on diversity jurisdiction, requires the Plaintiff to file an affidavit with the complaint that identifies the Plaintiff either as the original mortgage holder, an assignee, trustee, or successor-in-interest. In its affidavit, the Plaintiff asserted that it was the owner and holder of the relevant

Case No. 1:07-CV-2513
Gwin, J.

promissory note and mortgage, but did not indicate any assignment of interest. [Doc. 9.] On October 22, 2007, the Plaintiff filed a notice of an assignment of the mortgage. [Doc. 13.] In that filing, the Plaintiff produced evidence showing that the original lender transferred its right, title, and interest in the relevant property to the Plaintiff on October 4, 2007, after the lawsuit was commenced. *Id.*

The record, therefore, does not show that the Plaintiff was the owner and holder of the interest, title, and rights under the Mortgage and Note at the time of the filing of the foreclosure complaint on August 20, 2007. Plaintiff Deutsche Bank does not appear to have had any ownership interest at the time that this lawsuit was commenced. The Plaintiff, therefore, has not carried its burden of proving standing because it has not shown that it personally suffered an actual injury prior to the filing of the complaint. *Coyne*, 183 F. 3d at 494. Plaintiff Deutsche Bank has thus not met the prerequisite for establishing that subject matter jurisdiction exists in this case.

The Court, therefore, **DISMISSES** this case without prejudice. Accordingly, all orders of the Court and any entries by the Clerk are vacated. If the Plaintiff has information to establish that it was the owner and holder of the Note and Mortgage as of the date that the complaint was filed, the Plaintiff may provide that evidence to the Court and seek reconsideration of this Order.

IT IS SO ORDERED.


Dated: November 28, 2007                s/        *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

-3-